Judgment affirmed. OPINION by MR. JUSTICE McIVER, July 20, 1885. *Verdier & Talbird,* for appellants. *Elliott & Howe,* contra.

No. 1732. STATE *v.* TERRY. April Term, 1885. The defendant being on trial under an indictment for murder, his counsel proved by the magistrate who held the inquest that a paper produced was the testimony taken at the inquest and was correct, and that Bond (a witness who had been just examined in behalf of the State) was present at the examination. The judge ruled that as this paper had been introduced without objection, both sides could use it, and that it could not be limited by the defence to so much only as contained the testimony of Bond. On appeal, this ruling was held not to be erroneous. *State* v. *Campbell,* 1 *Rich.,* 124.

Judgment affirmed. OPINION by MR. CHIEF JUSTICE SIMPSON, July 20, 1885. *Perry, Perry & Heyward,* for appellant. *Orr,* solicitor, contra.

No. 1738. FITZSIMONS *v.* THE GUANAHANI COMPANY. April Term, 1885. This case was tried upon the same pleadings and evidence as at the first trial of the case, reported 16 *S. C.,* 192. The Circuit Judge (Hudson), feeling bound by the statement of this court on that appeal, that "plaintiff had based his right to sue on the ground that he was an inspector under the statute of Georgia, and that the action could not be sustained under said statute," charged the jury that if they found that the services had been rendered outside of that State, the plaintiff could not recover. On appeal the court say that the Circuit Judge overlooked the fact that while this expression was found in that opinion, yet that this was not the question raised in the appeal, nor was it the point upon which the judgment was there reversed; nor was the second opinion of this court in this case (21 *S. C.,* 599) brought to the judge's attention, in which this court attempted to correct the misapprehension as to the point decided in the first, and which gave rise to the demurrer at the second trial.

While the plaintiff cannot recover for services in this State under any contract raised by a Georgia statute, he could for ser-

vices rendered at a stipulated price agreed upon between the parties, independent of such statute.

Judgment reversed. OPINION by MR. CHIEF JUSTICE SIMPSON, July 30, 1885. *W. J. Verdier*, for appellant. *William Elliott*, contra.

No. 1739. NICHOLS *v.* RAILROAD COMPANY. April Term, 1885. Plaintiff sued defendant, the Wilmington, Columbia & Augusta Railroad Company, in a trial justice's court, for damages in killing a cow. The trial justice gave judgment, upon the verdict of a jury, for $40. Defendant appealed, and the Circuit Judge (Cothran) dismissed the appeal. Defendant then appealed to this court on the following exceptions :

1. Because his honor erred in failing to sustain the appeal from the trial justice's court upon the grounds stated in said appeal.

2. Because his honor erred in failing to reverse the finding in the court below on the testimony in the case.

3. Because his honor erred in holding as matter of fact that it was such negligence in the appellants to run their train around the curve at the rate of speed shown by the testimony as to make said company liable for damages for killing the cow in question.

1. The first ground cannot be considered, especially so, as the respondent invokes the protection of the rule of court.

2. The second ground points out no specific error, and besides raises only a question of fact, of which this court has no jurisdiction in a case like this.

3. The third exception points out no error of law, but only one of fact upon which the judge, acting as a jury, has passed, and this court cannot review it.

Judgment affirmed. OPINION by MR. JUSTICE McIVER, July 30, 1885. *J. H. Rion*, for appellant. *C. A. Woods*, contra.

No. 1741. GRAY & Co. *v.* HILL. April Term, 1885. This was an action on four notes, and the defence was payment. Verdict for defendant. Plaintiffs appealed upon three grounds, two of which raised only questions of fact. The third imputed error to the Circuit Judge (Cothran), in charging the jury that defend-